**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARLOS SOTO,

        Petitioner,

v.                                Case No. 05-CV-72439-DT

THOMAS BIRKETT,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

Petitioner Carlos Soto, a Michigan prisoner currently confined at the Oaks

Correctional Facility in Manistee, Michigan,[1] has filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Petitioner challenges

prison disciplinary decisions for disobeying a direct order and insolence, which resulted

in punishments of 10 days and 30 days loss of privileges.  For the reasons set forth

below, the court will deny Petitioner's petition for writ of habeas corpus.

**I.  BACKGROUND**

Petitioner is imprisoned pursuant to Kent County convictions on two counts of

assault with intent to do great bodily harm less than murder and one count of

possession of a firearm during the commission of a felony.  He was sentenced as a

fourth habitual offender to life imprisonment and a consecutive term of two years

imprisonment in August 1997.

---

[1]At the time he instituted this action, Petitioner was confined at the Standish
Maximum Correctional Facility in Standish, Michigan where Respondent is the warden.

On June 16, 2002, Petitioner was charged with the major misconduct of disobeying a direct order for failing to follow a corrections officer's order to take down a sheet, shirt, coat, and washcloth which were hanging in his cell. Following a disciplinary hearing on June 27, 2002, the hearing officer found Petitioner guilty of disobeying a direct order and imposed punishment of 10 days loss of privileges. Petitioner states that he was also charged with threatening behavior.[2] According to Petitioner, at the hearing on that charge, the hearing officer changed the misconduct from threatening behavior to insolence, found Petitioner guilty of insolence, and imposed punishment of 30 days loss of privileges.

Petitioner filed a request for rehearing as to these decisions, which were denied. He also filed a petition for judicial review in the Ingham County Circuit Court, which was dismissed on June 9, 2003 for failure to serve Respondent or provide proof of service. Petitioner attempted to appeal this decision to the Michigan Court of Appeals, but his appeal was rejected for failure to pay the filing fee on June 25, 2004. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied on February 28, 2005.

Petitioner filed the instant petition on June 20, 2005, raising the following claims:

I.      The MDOC Hearing Officer decision was not supported by competent, material, or substantial evidence on the whole record.

II.     Petitioner's right to due process was violated when his complaint was dismissed because he did not know he had to serve the appellee with a copy of the pleadings.

---

[2]Petitioner states that this charge was made on June 16, 2002, but prison records submitted by Respondent indicate that the charge was made on June 21, 2002.

Respondent has filed an answer to the petition asserting that it should be denied as unexhausted, procedurally defaulted, non-cognizable, and/or for lack of merit.

### III.  DISCUSSION

### A.  MDOC Hearing Officer's Decision

Petitioner first asserts that he is entitled to habeas relief because the hearing officer's decision was not supported by competent, material, or substantial evidence on the whole record.  Petitioner, however, fails to satisfy the "in custody" requirement of Section 2254 as to this claim.  Relief under Section 2254 of Title 28 of the United States Code is available only to state prisoners who are "in custody" under the conviction or sentence that is under attack at the time that the petition is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Petitioner received a 10-day loss of privileges and a 30-day loss of privileges for the misconduct charges at issue in this case.  Petitioner does not allege that he was placed in more restrictive custody as a result of the misconduct convictions, nor does he allege that he forfeited any disciplinary credits that he had earned as a result of the disciplinary decision.  Furthermore, because Petitioner was sentenced as an habitual offender, he is not entitled under Michigan law to earn disciplinary credits against his sentence.  *See, e.g., People v. Carson*, 560 N.W.2d 657, 662 (1997); *People v. Lincoln,* 423 N.W.2d 216, 217 (1987).

In addition, a prisoner cannot challenge the loss of privileges in a federal habeas action, because the loss of such privileges has only a "speculative or incidental effect" on the length of a prisoner's sentence and are not "close to the core of habeas corpus." *See Homen v. Hasty*, 229 F. Supp. 2d 290, 295 (S.D.N.Y. 2002) (internal citations

omitted).  Because Petitioner was neither placed in a more restrictive custody nor received extended custody as a result of the challenged misconduct convictions, he does not satisfy the "in custody" requirement of § 2254 and cannot maintain a habeas action with respect to those misconduct convictions.  *See Snell v. Jackson*, No. 04-CV-73883-DT, 2006 WL 212025, *1-2 (E.D. Mich. Jan. 25, 2006) (Friedman, J.); *Ziegler v. Birkett*, No. 03-CV-10036-BC, 2004 WL 1765516, *3 (E.D. Mich. July 19, 2004) (Lawson, J.); *see also Pemokis v. McBride*, 67 Fed. Appx. 931, 932 (7th Cir. 2003) (state prisoner not "in custody" as a result of a disciplinary sanction, where the sanction did not affect the duration of his incarceration).  Petitioner is therefore not entitled to habeas relief on this claim.

## B.  Dismissal of Complaint

Petitioner also asserts that he is entitled to habeas relief because the state circuit court violated his due process rights by dismissing his complaint for failure to serve Respondent or provide proof of service.  To the extent that this claim is not precluded by Petitioner's failure to meet the "in custody" requirement, it is nonetheless subject to dismissal.  Whether the state court properly dismissed Petitioner's complaint for failure of service constitutes a state law issue.  It is well-established that perceived violations of state law are not cognizable upon federal habeas review.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Petitioner has thus failed to state a claim upon which habeas relief may be granted.

For the reasons stated above, the court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition.

## IV.  CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DENIED

and DISMISSED WITH PREJUDICE.


S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  June 30, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 30, 2006, by electronic and/or ordinary mail.


S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522